IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JOSE ANTONIO VERA | § | |
| | § | |
| v. | § | 2:13-CV-013 |
| | § | |
| UNITED STATES OF AMERICA | § | |

**REPORT AND RECOMMENDATION TO**
**DENY MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

Defendant JOSE ANTONIO VERA has filed what the Court has construed to be a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. For the reasons set forth, the undersigned United States Magistrate Judge is of the opinion defendant is not entitled to relief and recommends the Motion to Vacate, Set Aside, or Correct Sentence be DENIED.

I.
PROCEDURAL BACKGROUND

On September 1, 2009, defendant JOSE ANTONIO VERA was charged by indictment with possession of heroin with the intent to distribute. *United States v. Vera*, No. 2:09-CR-061, "Indictment," doc. 1, pg. 1 (Sep. 1, 2009). Defendant pled guilty to the charge and was sentenced to serve a 145-month term of incarceration. *Id.*, "Judgment in a Criminal Case," doc. 78, pgs. 1-2 (May 10, 2010). Defendant appealed, contending the Court's enhancement of his sentence based upon his role as the "organizer, leader, manager, or supervisor" of the offense was improper. *See United States v. Vera*, No. 10-10517. The Fifth Circuit affirmed the conviction and sentence. *Id.* (5th Cir. Aug. 9, 2011).

II.
DEFENDANT'S ALLEGATIONS

In support of his contention that his conviction and sentence were imposed in violation of the Constitution or laws of the United States, defendant presents the following allegations:

1. Defendant's Sixth Amendment right to effective assistance of counsel was violated when his appellate attorney failed to follow defendant's instructions to petition the Supreme Court for a writ of certiorari after the Fifth Circuit's unfavorable opinion on direct appeal.

2. Defendant's Fifth and Sixth Amendment rights were violated when his appellate attorney failed to deliver case documents to defendant.

3. Defendant's Fifth and Sixth Amendment rights were violated when the Clerk of the Court failed to respond to a letter from defendant in which defendant asked for the form necessary to initiate a 28 U.S.C. § 2255 proceeding and for information on the procedures to file such a motion.

III.
ANALYSIS

*A. The Motion is not Timely Filed*

1. The Motion is Statutorily Time Barred

A one-year period of limitation applies to motions filed pursuant to 28 U.S.C. § 2255. 28 U.S.C. § 2255(f); *Dodd v. United States*, 545 U.S. 353, 356, 125 S.Ct. 2478, 2481, 162 L.Ed.2d 343 (2005). Under 28 U.S.C. § 2255(f)(1), the one-year limitation period starts on "the date on which the judgment of conviction becomes final." When a defendant does not file a petition for a writ of certiorari after the appellate court affirms the judgment, his conviction is considered final for purposes of 28 U.S.C. § 2255(f)(1) ninety days after the appellate court's opinion or, if applicable, ninety days after the appellate court denies a petition for rehearing. *Compare Clay v. United States*, 537 U.S. 522, 527, 123 S.Ct. 1072, 1076, 155 L.Ed.2d 88 (2003) (holding "[f]inality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of

certiorari, or when the time for filing a certiorari petition expires") *with* Sup. Ct. R. 13(1) (establishing "a petition for a writ of certiorari to review a judgment in any case . . . is timely when it is filed with the Clerk of this Court within 90 days after entry of judgment").

Defendant Vera filed a motion for rehearing after the Fifth Circuit issued its decision. That motion was denied September 29, 2011. *See Vera*, No. 10-10517, "On Petition for Rehearing." Defendant did not file a petition for a writ of certiorari. Therefore, defendant's conviction became final ninety days after the date on which defendant's motion for rehearing was denied, which means it became final on December 28, 2011. *See Clay*, 537 U.S. at 527, 123 S.Ct. at 1076; Sup. Ct. R. 13(1). One year after that date, and the deadline for filing any 28 U.S.C. § 2255 motion, was December 28, 2012.[1] *See* 28 U.S.C. § 2255(f)(1). The instant motion was not filed, however, until January 15, 2013. Consequently, the 28 U.S.C. § 2255 motion is time barred because it was filed after the expiration of the one-year deadline. *See id.*

Contrary to the Court's calculations, defendant avers "[p]etitioner's post-conviction litigations were timely started on April 17, 2012, well within the strict provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)" (Motion to Amend construed as Original 28 U.S.C. § 2255 Motion [hereinafter 28 U.S.C. § 2255 Motion], doc. 2, pg. 3 (Jan. 23, 2013)). On April 17, 2012, however, defendant did not file a motion to vacate, he filed a motion to compel. *(United States v. Vera*, 2:09-CR-061, "Motion to Compel Counsel of Record to to [sic] Release Court Documents and Case File for the Preparation of Post-Conviction Relief," doc. 101 (Apr. 25, 2012)). Although defendant alludes to other "filings," this motion to compel counsel is

---

[1] These calculations differ from those previously recited by the Court in its Order to Show Cause. The difference in calculation, however, has no impact on the analysis of whether and why the 28 U.S.C. § 2255 motion is time barred.

the only post-conviction motion filed by defendant, apart from the instant section 2255 motion. The issue presented in the motion to compel was that counsel had not given defendant his records of the case. Defendant Vera requested a court order directing counsel to give defendant his records. Defendant indicated in the motion itself that the purpose of the motion was to obtain the records "*for the preparation of* possible post-conviction relief." (*Id.* at 1 (emphasis added)). In his "Declaration of Petitioner," which is attached to the motion to compel, defendant states, "I *will be attempting* to pursue post-conviction relief pursuant to 28 U.S.C. § 2255." (*Id.* at 2 (emphasis added)). In a letter defendant purportedly sent to his appellate attorney after receiving the attorney's response to the motion to compel, which letter defendant attached to his 28 U.S.C. § 2255 motion, defendant wrote, "time is of an essence and my deadline date *to file* a §2255 motion is fast approaching."[2] (28 U.S.C. § 2255 Motion at 27 (emphasis added)).

Given this background, the Court will not construe defendant's April 2012 motion to compel as a motion initiating 28 U.S.C. § 2255 proceedings. First, defendant Vera's statements indicate the motion was not a 28 U.S.C. § 2255 motion. Secondly, Rule 2 of the Rules Governing Section 2255 Proceedings provide that only a motion that is in the form of a motion to vacate, set aside, or correct sentence, specifying all the grounds of error, facts supporting such grounds, and specifically indicating the requested relief, will suffice for initiating 28 U.S.C. § 2255 proceedings. Defendant's "Motion to Compel Counsel of Record to to [sic] Release Court Documents and Case File for the Preparation of Post Conviction Relief," the sole purpose of which was to obtain records from his

---

[2] The Court additionally notes that in his response to the motion to compel, defendant's appellate attorney discussed the one-year limitations period and stated (albeit incorrectly) that defendant's 28 U.S.C. § 2255 motion was due by September 29, 2012. (*United States v. Vera*, 2:09-CR-061, "Response to the Defendant's Motion to Compel," doc. 103, pg. 2 (Apr. 27, 2012)). It appears as though there was never any question in the mind of any party reviewing the motion to compel that it was *not* the 28 U.S.C. § 2255 motion.

attorney, simply is not a section 2255 motion, despite defendant Vera's present contention. Consequently, this 28 U.S.C. § 2255 motion is statutorily time barred.

### 2. The Motion is not Entitled to Equitable Tolling

After initial review of this case, the Court advised defendant Vera of the one-year statute of limitations, and recited why the April 2012 motion to compel would not suffice for initiation of the 28 U.S.C. § 2255 proceedings. The Court gave Mr. Vera the opportunity to demonstrate that either the January 2013 28 U.S.C. § 2255 motion was timely filed or defendant was otherwise entitled to equitable tolling. Defendant responded to the order, contending (i) (in conclusory fashion) the April 2012 motion to compel did initiate the 28 U.S.C. § 2255 proceedings or alternatively (ii) equitable tolling is justified because of the extraordinary circumstances of counsel abandonment and the failure of the Clerk of Court to respond to one of defendant's letters. As discussed above, the April 2012 motion to compel was not a 28 U.S.C. § 2255 motion and has no impact on the AEDPA one-year statute of limitations. The only option left for defendant to avoid the limitations bar is equitable tolling.

"[T]he statute of limitations in § 2255 may be equitably tolled in 'rare and exceptional circumstances.'" *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000) (citing *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)). The doctrine of equitable tolling "applies principally where [one party] is *actively misled* by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (emphasis added). The Supreme Court has held a petitioner is entitled to equitable tolling only if he shows: (i) he has been pursuing his rights diligently, and (ii) some extraordinary circumstance prevented him from timely filing. *Holland v. Florida*, __ U.S. __, 130 S.Ct. 2549,

2562, 177 L.Ed.2d 130 (2010) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)). The movant bears the burden to show entitlement to equitable tolling. *United States v. Petty*, 530 F.3d 361, 365 (5th Cir. 2008).

As an initial matter, a prisoner has no right to counsel on a petition for writ of certiorari. *Pennsylvania v. Finley*, 481 U.S. 551, 555, 107 S.Ct. 1990, 1993, 95 L.Ed.2d 539 (1987). Therefore, any inaction or error by defendant's appellate attorney subsequent to the Fifth Circuit's denial of the petition for rehearing is irrelevant to whether tolling is warranted. *See United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002) (holding that because a prisoner has no right to counsel during post-conviction proceedings, ineffective assistance of counsel claims in such a context are "irrelevant to the tolling decision").

Moreover, defendant Vera has failed to prove or even allege facts warranting equitable tolling, even if such were possible based on counsel's actions. Defendant contends his attorney abandoned him after the Fifth Circuit denied the petition for rehearing, although he fails to detail the exact discussions which he and his attorney had following the Fifth Circuit's actions. Simple "abandonment" by Vera's appellate attorney at the conclusion of direct appeal does not justify equitable tolling. *See Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002) (holding "mere attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified") *distinguished on other grounds Richards v. Thaler*, 710 F.3d 573 (5th Cir. 2013). Defendant Vera's own ignorance or inexperience likewise does not warrant equitable tolling. *See id.* Importantly, through all of his arguments, defendant never indicates anyone has "actively misled" him. *See United States v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002) (holding if an attorney affirmatively deceives the defendant into believing that the attorney has filed a 28 U.S.C. § 2255 motion, and if

the defendant relies upon that affirmative misrepresentation and does not file 28 U.S.C. § 2255 motion because he is under the impression that his attorney has already done so, then equitable tolling of the AEDPA is justified); *Coleman*, 184 F.3d at 402; *Hicks v. United States*, Nos. 3:12-CV-4318, 3:09-CR-0036, 2012 WL 5499940, at *3 (N.D. Tex. Oct. 30, 2012) (holding a movant who had not alleged that he relied on misrepresentations by his trial counsel could not qualify for equitable tolling); *United States v. Duron*, Nos. 3:00-CR-577-K(02) & 3:08-CV-2123-K, 2009 WL 89273, at *2 (N.D. Tex. Jan. 9, 2009) (citing *Olivo v. Quarterman*, No. 3–06–CV–2399–L, 2007 WL 4205874, at *7) (N.D. Tex. Nov. 27, 2007) (holding "there must be some evidence that the petitioner reasonably relied on his attorney's deceptive misrepresentation" for a habeas petitioner to obtain equitable tolling); *compare Maples v. Thomas*, __ U.S. __, 132 S.Ct. 912, 927-38 (2012) (holding there were extraordinary circumstances where attorneys abandoned a petitioner and "he had no reason to suspect that, in reality, he had been reduced to pro se status"). Defendant Vera understood both his *pro se* status and the status of his case. He knew his attorney had not filed a petition for a writ of certiorari, he knew his attorney had not filed a 28 U.S.C. § 2255 motion, and he knew the limitations period was running for any 28 U.S.C. § 2255 motion. (*See* 28 U.S.C. § 2255 Motion at 27) (defendant writing in a letter dated almost seven months before the expiration of the AEDPA deadline "time is of an essence and my deadline date to file a §2255 motion is fast approaching"). Defendant has failed to show he is entitled to equitable tolling based upon his attorney's failure to petition for a writ of certiorari. *See Phillips*, 223 F.3d at 797; *Hill v. Director, TDCJ–CID*, No. 6:07–CV–523, 2008 WL 4112774, at *5 (E.D. Tex. Sept. 3, 2008) (equitable tolling not available where petitioner claimed only that his attorney failed to file a petition for writ of certiorari as promised); *Olivo*, 2007 WL 4205874 at *7 (counsel's failure to pursue habeas relief, as stated in

client retainer agreement and later promises, did not warrant equitable tolling); *Garza v. Dretke*, No. SA–04–CA–0645–XR, 2004 WL 2385002, at *2 (W.D. Tex. Oct. 25, 2004) (equitable tolling not available where prisoner merely alleged counsel represented he was going to file a habeas petition, "not that a habeas petition had indeed been filed").

Regarding any possible representation of Vera in his 28 U.S.C. § 2255 proceedings, Vera's appellate counsel, in his court-ordered response to defendant's motion to compel the production of his case files, stated "[d]ue to the delay in providing a copy of the case records, counsel offers to represent Mr. Vera *pro bono* on such a motion if Mr. Vera wishes . . ." ("Response to the Defendant's Motion to Compel," doc. 103, pg 2 (Apr. 27, 2012)). Vera did not request the Court appoint counsel and the Court did not act or make any comment on counsel's offer. There is no evidence defendant Vera or counsel took any action on counsel's offer, although defendant does attach a letter he purportedly wrote to counsel in response to counsel's offer. In that letter, defendant states

> I must extend my gratitude towards your offer to represent my §2255 post-conviction proceedings Pro Bono, and I must further extend my apologies for the time it has taken to reply to your response to my motion to compel my legal document(s) and case file.
> . . .
> Thus, I am continuing to try to obtain my legal document(s) and case file as they are crucial for the preparation of my post-conviction proceedings, whether prepared by you Pro Bono, or by myself Pro Se . . .

(28 U.S.C. § 2255 Motion at 27). Defendant now contends he is entitled to equitable tolling because counsel "abandon[ed] (without notice) his offer to represent the Petitioner 'Pro Bono'" in the 28 U.S.C. § 2255 proceedings. ("Response to Order to Show Cause," doc. 4, pg. 2 (Feb. 28, 2013)). Vera's letter, however, rebuts that claim. While it is true that counsel offered one time to possibly represent defendant in his 28 U.S.C. § 2255 motion, such was an offer defendant never clearly

accepted or relied upon. A simple offer to represent is far removed from an affirmative misrepresentation by an attorney to warrant equitable tolling. *See Wynn*, 292 F.3d at 230. Defendant has neither alleged nor demonstrated how counsel's statement that he would be willing to represent defendant in the 28 U.S.C. § 2255 proceedings, an offer that was never accepted by defendant, warrants equitable tolling.

Any contention by defendant that his attorney's failure to surrender and deliver the case file to defendant warrants equitable tolling is also meritless. First, an attorney's failure to ensure a defendant has received his case files is a far cry from a "rare and exceptional circumstance" and is more closely akin to attorney error or neglect, which will not justify equitable tolling. *See United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002). Moreover, there is a difference between the time for discovering the factual predicate of a claim (which may warrant equitable tolling) and "the time permitted for gathering evidence in support of that claim" (which will not warrant equitable tolling). *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir.1998); *United States v. Arrellano-Lopez*, No. C-06-818(1), 2007 WL 4367810, at *2 (S.D. Tex. Dec. 13, 2007) (noting a defendant "is not precluded from filing a § 2255 motion merely because he does not have transcripts from his case. Indeed, § 2255 motions are frequently filed without the benefit of transcripts."). In any event, defendant Vera has not shown how the absence of his case file prevented him from filing the section 2255 motion. He has not shown he requires the record to advance any of the grounds presented in the 28 U.S.C. § 2255 motion, i.e. he does not need a record to advance or support his contention that appellate counsel should have filed a petition for a writ of certiorari, that counsel should have tendered the case files, or that the Clerk of the Court failed to respond to a letter. Defendant has personal knowledge of these facts and his knowledge of his claims is unaffected by his access, or

lack of access, to his case files.[3] Defendant has not shown how he needed any case files to challenge counsel's failure to file a petition for a writ of certiorari nor has he alleged that not having access to the records interfered with his access to the courts or with his filing of the instant motion. Defendant again fails to show he is entitled to equitable tolling. *See Phillips*, 223 F.3d at 797.

Lastly, defendant alleges equitable tolling is warranted because the Clerk of the Court never responded to a letter defendant purportedly sent to the Clerk in June 2012. (*See* 28 U.S.C. § 2255 Motion at 28). The Clerk of the Court does not have authority to refuse or strike any pleading presented for filing. *See McClellon v. Lone Star Gas Co.*, 66 F.3d 98, 101 (5th Cir. 1995). Thus, the Clerk must (and as a matter of course does) document in the docket sheet of a case every pleading received in that case. The Clerk also dockets all correspondence addressed to the Clerk received from a *pro se* litigant, and, if appropriate, responds to such correspondence.

Review of the docket sheet in Vera's case shows the only documents the Clerk or Court has received from defendant since the Fifth Circuit's opinion are his April 2012 motion to compel (discussed in detail above) and the instant 28 U.S.C. § 2255 motion. If defendant mailed a letter in June 2012 asking for a response from the Clerk, the Clerk shows such was never received, as no letter is docketed in the case.

Even if the Clerk had received the letter defendant says he sent, any failure to respond to the letter would not justify equitable tolling. In the letter, a copy of which defendant attaches to his 28 U.S.C. § 2255 motion, defendant asks for "a copy of the Rules and Procedures and the required forms from this District for filing a §2255 motion." (28 U.S.C. § 2255 Motion at 28). It is not the

---

[3] Defendant contends counsel "continues to withhold the Petitioner's requested legal document(s), thus causing additional prejudice to the Petitioner's post-conviction proceeding(s)." (28 U.S.C. § 2255 Motion at 2). Even if counsel has still not given defendant his case file, defendant remains unable to pinpoint how counsel's inaction has prejudiced him.

Clerk of the Court's responsibility to perform research and/or locate statutes and send them to a prisoner litigant. The Clerk is not tasked with educating a prisoner as to the statutes or law impacting his case, and a prisoner's ignorance of such will not excuse his late filing. *See Cousin*, 310 F.3d at 849. The information and form requested by defendant from the Clerk is a matter of federal statute.[4] In any event, there was no objective external factor or misrepresentation from the Clerk of the Court that defendant has shown which prevented him from timely filing his 28 U.S.C. § 2255 motion. *See Patterson*, 211 F.3d at 931-32 (holding an extraordinary circumstance existed where a petitioner was misled by an affirmative, but incorrect, representation of a district court on which he relied to his detriment); *Coleman*, 184 F.3d at 402.

Defendant has failed to show he is entitled to equitable tolling. *See Phillips*, 223 F.3d at 797. He has not alleged he was actively misled by anyone. *See Coleman*, 184 F.3d at 402. He has not shown any objective external factor prevented him from timely presenting his section 2255 motion. *See id.* Defendant Vera has not shown or even alleged that he was deceived about his pro se status and/or the status of his 28 U.S.C. § 2255 motion nor has he shown he was prevented by any party from filing the motion. Defendant has failed to establish he diligently pursued his rights. *See Holland*, 130 S.Ct. at 2562. He has also failed to show some extraordinary circumstance prevented him from timely filing. *See id.* Because defendant has not met his burden to establish circumstances warranting equitable tolling, his 28 U.S.C. § 2255 motion remains time barred and should be denied as such.

---

[4] Moreover, even though the pleading defendant sent to the Court in January 2013 was not in the form specified by federal statute, the Court nevertheless accepted it as a 28 U.S.C. § 2255 motion because it substantially followed the requirements of a 28 U.S.C. § 2255 motion. Defendant has not shown how his not having access to the 28 U.S.C. § 2255 form has prejudiced him. *See Phillips*, 223 F.3d at 797.

*B. The Motion Lacks Merit*

1. Defendant has Failed to Demonstrate Ineffective Assistance of Counsel on Appeal

Even if the motion were not time barred, defendant's claims are not cognizable. In his first ground of error, defendant contends his Sixth Amendment right to effective assistance of counsel was violated when his appellate attorney "just straight-out abandoned" defendant by failing to follow defendant's instructions to file for a writ of certiorari after the Fifth Circuit's unfavorable determination on direct appeal. (28 U.S.C. § 2255 Motion at 4).

The proper standard for judging a defendant's contention he is entitled to relief on the ground that counsel rendered ineffective assistance on appeal is enunciated in *Strickland*. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); *Hughes v. Booker*, 220 F.3d 346, 348 (5th Cir. 2000) (applying *Strickland* to review of appellate proceedings). Under the two-pronged *Strickland* standard, a defendant must show counsel's performance was both deficient and prejudicial. *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064.

A defendant does not have a Sixth Amendment constitutional right to counsel when petitioning the Supreme Court for a writ of certiorari. *Pennsylvania v. Finley*, 481 U.S. 551, 555, 107 S.Ct. 1990, 1993, 95 L.Ed.2d 539 (1987) (holding "the right to appointed counsel extends to the first appeal of right, and no further")*; Ross v. Moffit*, 417 U.S. 600, 617, 94 S.Ct. 2437, 2447, 41 L.Ed.2d 341 (1974); *Clark v. Johnson*, 227 F.3d 273 (5th Cir. 2000) (holding a defendant's rights are not violated where he is not appointed counsel for a discretionary appeal to the Supreme Court of the United States). Because there is no constitutional right to counsel when petitioning for a writ of certiorari, there can be no viable claim for ineffective assistance of counsel at that level of appeal. *Wainwright v. Torna*, 455 U.S. 586, 587-88, 102 S.Ct. 1300, 1301, 71 L.Ed.2d 475 (1982) ("Since

respondent had no constitutional right to counsel, he could not be deprived of the effective assistance of counsel by his retained counsel's failure to file the application [for writ of certiorari to the Florida Supreme Court] timely"). Because defendant Vera's claim does not involve the violation of a constitutionally guaranteed right, it is not cognizable in a section 2255 proceeding. *See United States v. Acklen*, 47 F.3d 739, 741 (5th Cir. 1995); *United States v. Lauga*, 762 F.2d 1288 (5th Cir. 1985) (holding counsel's failure to seek a writ of certiorari from the Supreme Court even where instructed is not sufficient to establish that a conviction is constitutionally infirm).

2. Defendant has Failed to Show a Constitutional Violation
Based upon Counsel's Failure to Deliver Defendant's Case Documents

In his second ground of error, defendant contends his constitutional rights were violated by his appellate attorney's failure to deliver case documents to Vera after the appeal. As a matter of state law, a client owns the contents of his attorney's files, and the client is generally entitled to those files. *See In re George*, 28 S.W.3d 511, 516 (Tex. 2000). The right to obtain files, however, is not one of a constitutional magnitude. *See* 28 U.S.C. § 753(f); *United States v. MacCollom*, 426 U.S. 317, 325–26, 96 S.Ct. 2086, 2093, 48 L.Ed.2d 666 (1976) (holding an indigent defendant has no constitutional right to acquire a free copy of his transcript or other court records for use in a collateral proceeding). Additionally, while defendant could not have presented this ground on direct appeal, it is not one that, if true, results in a "complete miscarriage of justice." *See Acklen*, 47 F.3d at 741 (holding "[r]elief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice"). In fact, defendant fails to assert how counsel's retention of the case files at all impacts the constitutionality or duration of his conviction and subsequent confinement. *See* 28 U.S.C. § 2255(a).

Furthermore, defendant has failed to establish any causal connection between not receiving his case files from his attorney and any harm he suffered as a result of that failure. Defendant complains of his attorney's failure to file a petition for a writ of certiorari, but that argument would have been apparent to him ninety (90) days after the conclusion of his appeal. Defendant has not shown how his case file would have assisted him in his claims that his attorney should have petitioned the Supreme Court. Simply put, defendant has not shown how counsel's action or inaction has caused him to suffer a constitutional violation.

### 3. Defendant has Failed to Show a Constitutional Violation Based Upon Any Action or Inaction by the Clerk of Court

In his third ground, defendant contends his Fifth and Sixth Amendment rights were violated when the Clerk of the Court failed to respond to a letter in which defendant Vera asked for the form necessary to initiate a 28 U.S.C. § 2255 proceeding and for information on the procedures for filing a section 2255 motion.

The Clerk has no record of receiving any correspondence from Vera asking for any forms or assistance. Without any evidence supporting his assertions, defendant's claims must *ab initio*, fail. *See Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983). Even if the Clerk had received the letter, however, petitioner has not shown any constitutional violation resulted from the Clerk's failure to respond. A prisoner has no constitutional right to receive the assistance of counsel in 28 U.S.C. § 2255 proceedings, *United States v. Vasquez*, 7 F.3d 81, 93 (5th Cir. 1983), and nothing in the Constitution requires the Clerk of the Court to fill the gap. Finally, defendant fails to show any relation between any infirmity in his conviction or confinement and the Clerk of the Court's purported inaction.

4.  Possible Constitutional Violations

Defendant does not assert any cognizable constitutional violations. In an abundance of caution, however, the Court has considered whether defendant's assertions regarding his lack of access to his case file could possibly implicate his constitutional right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 350, 116 S.Ct. 2174, 2179, 135 L.Ed.2d 606 (1996) (citing *Bounds v. Smith*, 430 U.S. 817, 821, 828, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977)).

A prisoner's right of access to the courts encompasses only a reasonably adequate opportunity to file non-frivolous legal claims challenging convictions or conditions of confinement. *See Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999) (per curiam) (citing *Lewis*, 518 U.S. at 351, 116 S.Ct. at 2180). To prevail on a claim of denial of access to the courts, a plaintiff must demonstrate he suffered "actual injury stemming from defendants' unconstitutional conduct." *Chriceol v. Phillips*, 169 F.3d 313, 317 (5th Cir.1999) (per curiam) (citing *Lewis*, 518 U.S. at 351-54, 116 S.Ct. at 2180-82).

As briefly discussed above, defendant neither alleges nor demonstrates any actual injury from the conduct he alleges is improper. He complains of his attorney's failure to surrender and deliver the case file to defendant, but Vera never points to any argument he makes or wishes to make in these proceedings that requires the records. He also complains of the Clerk of Court's failure to respond to a letter without detailing exactly why he needed the Clerk's response in order to file the 28 U.S.C. § 2255 motion, which he eventually did file, without the Clerk's reply.

Defendant presents arguments that, even if true, do not form the basis of a constitutional error. Because 28 U.S.C. § 2255 motions only redress constitutional violations, all of defendant's grounds are not cognizable and must consequently fail.

IV.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge that the Motion to Vacate, Set Aside, or Correct Sentence, filed by defendant JOSE ANTONIO VERA be DENIED.

V.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 15th day of August, 2013.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

### * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).